Mark S. Scheffer, Esquire
**LAW OFFICES OF MARK S. SCHEFFER**
Identification Nos. 59271
P.O. Box 111                                                      Attorney for Plaintiff
Birchrunville, PA  19421
(610) 915-8351

_____

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN J. HARRIS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 15-4913 |
| | : | |
| WESTLAKE SERVICES, LLC | : | JURY TRIAL DEMANDED |

COMPLAINT

1.     Plaintiff, Brian J. Harris, is a black male currently residing in the Commonwealth of Pennsylvania.

2.     Defendant, Westlake Services, LLC, is a corporation conducting business and employing individuals such as Plaintiff in the Commonwealth of Pennsylvania, with its headquarters and principal place of business located at 4751 Wilshire Blvd., Suite 100, Los Angeles, CA 90010.

3.     The causes of action set forth in this complaint arise under the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 ("§1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951 et seq. ("PHRA").

4.     The District Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 1343 and 1367.

5.     At all times material hereto, Defendant acted through authorized agents, servants, workers and/or employees acting in the scope of their employment with Defendants and in furtherance of Defendant's business.

6.    At all pertinent times herein, Plaintiff worked for Defendant as a Franchise Account Manager.

7.    Plaintiff started working for Defendant in September of 2013, and in September of 2014 he came under the supervision of Chris Thoman in Defendant's Northeast Region, which included areas in Pennsylvania in which Plaintiff would be working.

8.    Plaintiff was the only black franchise and/or dealer manager working for Defendant in Pennsylvania. Plaintiff was the only franchise manger, and there were five other white dealer managers in PA.

9.    Plaintiff and Mr. Thoman had a meeting on October 14, 2014 at a Holiday Inn. At the meeting, Plaintiff complained about a discriminatory environment and treatment, and referenced harassing conduct he had received from a white co-worker, Edward Moore, and also complained about Mr. Moore's use of the icon of a bald black male in his inter-company email. Mr. Thoman laughed about Plaintiff's complaints.

10.    During their meeting, Mr. Thoman did not indicate that Plaintiff had any performance problems or deficiencies nor did he raise any concerns about his performance.

11.    On October 21, 2014 Mr. Thoman issued a final written warning to Plaintiff for allegedly not meeting, *inter alia*, production goals.

12.    Defendant has a progressive disciplinary policy, and Plaintiff had not received any of the other prior levels of discipline provided for in the policy, e.g. a verbal or written warning, before receiving a final written warning.

13.    On November 12, 2014 Plaintiff's employment was terminated.

14.    Prior to Plaintiff, Defendant had terminated two white male employees, John Griffin and Howard Leska, both of whom were also franchise managers, for lack of production, yet before terminating those white employees Defendant followed its progressive disciplinary

2

policy and issued verbal and written warnings (prior to a final written warning) before terminating those employees.

15.     Defendant's termination of Plaintiff for lack of production was pretextual, as franchise managers were not held to the same standard or production quotas as dealer managers, and franchise managers had a different territory penetration, pay plan structure and production criteria than dealer managers, yet Plaintiff was being held to the standards of a dealer manager.

16.     Defendant's termination of Plaintiff was motivated, at least in part, by Plaintiff's race and/or his objection or opposition to discriminatory treatment.

17.      As a direct and proximate result of Defendant's discriminatory and retaliatory conduct, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings, loss of earning capacity, loss of benefits, pain and suffering, upset, emotional anguish, loss of life's pleasures, attorneys' fees and costs.

## COUNT I (§1981)

18.     Plaintiff hereby incorporates paragraphs 1 through 17 above as if set forth herein in their entirety.

19.     Defendant has violated §1981.

20.     As a direct and proximate result of Defendant's violation of §1981, Plaintiff has sustained the damages, losses and injuries referenced herein. .

## COUNT II (TITLE VII)

21.     Plaintiff hereby incorporates by reference Paragraphs 1 through 17 above as if set forth herein in their entirety.

22.      Plaintiff timely filed with the United States Equal Employment Opportunity Commission a charge of race discrimination and retaliation ("EEOC Charge") against Defendant

in November of 2014, and the EEOC issued a dismissal and notice of rights on said charge on or about April 26, 2016.

23. Plaintiff has complied with all administrative prerequisites prior to filing this action.

24. The actions of Defendant violate Title VII.

25. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has sustained the injuries and damages set forth above.

## COUNT III (PHRA)

26. Plaintiff incorporates herein by reference paragraphs 1 through 17, 22 above as set forth herein in their entirety.

27. Plaintiff's EEOC Charge was dual-filed with the Pennsylvania Human Relations Commission.

28. Plaintiff has complied with all administrative prerequisites prior to filing this action.

29. The actions of Defendant violate the PHRA.

30. As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries and damages set forth above.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant:

(a) Declaring Defendant's actions to be in violation of §1981, Title VII and/or the PHRA;

(b) Awarding Plaintiff reinstatement to his position with Defendant;

(c)      Awarding compensatory damages to Plaintiff to make Plaintiff whole for all lost earnings, past and future, which Plaintiff has suffered as a result of Defendant's improper and unlawful treatment, including, but not limited to, past and future wages, lost earning capacity, pension and other lost benefits;

(d)      Awarding compensatory damages to Plaintiff for emotional upset, mental anguish, humiliation, injury to reputation, loss of life's pleasures, and pain and suffering;

(e)      Awarding Plaintiff's costs of this action, together with reasonable attorney's fees;

(f)      Awarding Plaintiff punitive damages; and,

(g)      Granting such other and further relief as the court deems appropriate.


Respectfully submitted,



/s/ Mark S. Scheffer_____
Mark S. Scheffer, Esquire